UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE SCOTT, | 3:07-CV-440 JCM (RAM) |
| Plaintiff, | |
| v. | Date:   N/A<br>Time:   N/A |
| LT. HENDRIX, et al., | |
| Defendants. | |

**ORDER**

Presently before the court is defendants' motion for summary judgment. Doc. #75. Plaintiff George Scott ("Scott") is an inmate incarcerated at the Ely State Prison ("ESP"). Doc. #6. On or around September 2007, while Scott was confined to the infirmary, he filed numerous grievances and "kites" regarding his incarceration including water in his cell, lack of cleaning supplies, access to the telephone, and unresponsive and unhelpful correctional staff. *Id*. Scott's grievances were investigated by the institutional investigator, defendant Ronald Bryant ("Bryant"). Doc. #75.

After the fifth unverifiable grievance, Bryant wrote and filed a notice of charges against Scott for giving false information to correctional officers and delaying, hindering, and interfering with staff. *Id*. Scott refused to participate in the disciplinary hearing and was subsequently sanctioned with 30-days of disciplinary segregation on September 26, 2007. *Id*.

On December 27, 2007, Scott filed this §1983 complaint against defendants alleging constitutional violations. Doc. #6. On January 12, 2009, the defendants filed the present motion for summary judgment. Doc. #75.

**James C. Mahan**
**U.S. District Judge**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact that would support the allegations and judgment is appropriate as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56©. Scott alleges three causes of action: (1) First Amendment retaliation; (2) Eighth Amendment retaliation; and (3) supervisor liability. Doc. #6. Here, summary judgment is appropriate as to all defendants for Scott's second and third causes of action, and for all defendants except c/o Bryant for Scott's first cause of action.

### Claim 1 - First Amendment Retaliation

In a First Amendment retaliation claim, a plaintiff must show: (1) that a correctional officer took adverse action against an inmate; (2) that did not reasonably advance a legitimate correctional goal; (3) because of an inmate's protected conduct; and (4) that the adverse action chilled the inmate's First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). The plaintiff has the burden of "pleading and proving the absence of legitimate correctional goals for the conduct he complains of." *Pratt v. Rowland*, 65 F.3d 802, 802 (9th Cir. 1995).

Here, Scott has raised issues of material fact as to whether c/o Bryant disciplined him unfairly. Defendants argue that c/o Bryant disciplined Scott only after multiple false grievances and that such discipline is necessary to prevent inmates from wasting prison resources and staff time. However, there are material issues of fact as to whether the underlying grievances were false or not. Scott alleges that c/o Bryant refused to investigate the grievances and disciplined Scott for complaining of a fellow correctional officer. Summary judgment is not appropriate in light of these disputed facts.

### Claim 2 - Eighth Amendment Retaliation

The Eighth Amendment forbids confinement in unsanitary cells conditions which can lead to disease. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Diagre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983). Eighth Amendment retaliation claims encompass a subjective, as well as,

1  objective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Subjectively, a prison official must
2  "know of and disregard an excessive risk to inmate health and safety." *Anderson v. County of Kern*,
3  45 F.3d 1310, 1313 (9th Cir. 1995).

4  Here, Scott has failed to show that any of the defendants subjectively knew that their actions
5  were putting Scott's health at risk. C/o Bryant does not have the power to transfer Scott to another
6  cell, particularly an unsanitary one, and so could not have known the conditions that Scott was
7  allegedly living in. Additionally, c/o Jacoby had no knowledge of Scott's call for medical attention
8  because the medical call button was "glitched" and was not working properly. Scott has not provided
9  any evidence that would support his allegations that defendants subjectively knew that their actions
10 violated Scott's constitutional rights. As such, the defendants are entitled to judgment as a matter
11 of law as to Scott's Eighth Amendment retaliation claim.

**Claim 3 - Supervisor Liability**

In a §1983 action, vicarious liability may not be imposed on an official for the acts of an individual under that official's supervision solely on the basis of that supervision. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). In order to support a claim for supervisor liability, a plaintiff must show that the supervisor either: (1) personally participated in the constitutional violation; (2) knew of the violations and failed to act on this knowledge; (3) promulgated or enacted a policy that caused the constitutional violations; or (4) is liable under state law. *See Id.*; *Hansen v. Black*, 885 F.2d. 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Scott has completely failed to support his allegations of supervisor liability. Nevada state law does not automatically impose supervisory liability. Scott has not provided any evidence of a policy by the NDOC or the individual supervisors to deprive him of his constitutional rights. Further, Scott has not provided any evidence that any of the defendant supervisors engaged in or condoned any of the individual defendant correctional officer's conduct. Accordingly, the defendant supervisors are entitled to judgment as a matter of law on the supervisor liability claim. Therefore,

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS ORDERED, ADJUDGED AND DECREED that defendants' motion for summary judgment (Doc. #75) is **GRANTED in part and DENIED in part**. The motion is granted as to all defendants and causes of action except defendant c/o Ronald Bryant regarding Scott's First Amendment retaliation claim. All other defendants and causes of action are dismissed.

IT IS FURTHER ORDERED that the hearing currently scheduled for Wednesday, April 29, 2009 at 11:00 a.m. is **VACATED**.

DATED this 27th day of April, 2009.

_/s/ James C. Mahan_
**UNITED STATES DISTRICT JUDGE**